```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KAMPAROSYAN,

                    Plaintiff,              SUMMARY ORDER ON
                                            MOTION TO COMPEL [44]
          -against-
                                            07-CV-2691 (CBA) (RER)
CITY OF NEW YORK, et al.,

                    Defendants.
-------------------------------------------------------X
```

**RAMON E. REYES, JR., U.S.M.J.:**

After considering the parties' respective arguments, the Court rules as follows:

1. By August 7, 2009, a witness with knowledge from the Sterling defendants will certify that all documents responsive to document requests 3 and 4 currently in defendants' possession, custody or control have been produced. It is understood that the search for the documents is ongoing, and that all parties have a continuing obligation to supplement their discovery responses in the future.

2. The Sterling defendants' citation to pre-2000 cases from the 9th and 10th Circuits notwithstanding, the Court rejects the argument concerning the purported "constitutionally-based right of privacy" to the email and mailing addresses, and telephone numbers of patrons who made complaints against the Sterling defendants. After balancing the compelling public need for discovery against the patrons' fundamental right of privacy, the Court finds that disclosure of the email and mailing addresses, and home phone numbers is warranted. This is especially so given the fact that the Sterling defendants have disclosed already the names of those patrons, and according to Sterling, plaintiffs' counsel "can locate these individuals." The disclosure of the redacted information will simplify that process, and does not present a significant additional

intrusion into the private lives of these patrons.  Unredacted copies of the documents must be produced no later than August 5, 2009.

       3.      The Court rejects the Sterling defendants' argument that contacting the patrons who have made complaints is "outside the spirit and express language of the parties' Stipulation and Protective Order."  Nothing in plaintiffs' motion to compel indicates that counsel will disclose the patrons' confidential information to the plaintiffs themselves.  Thus, the Sterling defendants' request for a protective order precluding plaintiffs' counsel from contacting the patrons is denied.

Dated:  Brooklyn, New York
         July 31, 2009

                                         **Ramon E. Reyes, Jr.**
                                         **United States Magistrate Judge**